CRANE *v.* JACKSON.

Opinion delivered October 16, 1916.

FERRIES—DAMAGES FOR OPERATION OF UNLICENSED FERRY.—The owner of a legally licensed ferry brought an action against defendant, who operated an unlicensed ferry within one mile of plaintiff's ferry, to recover the statutory penalties, and for damages for the unlawful operation of the ferry. *Held,* it was error for the trial court to require plaintiff to elect upon which of these bases of recovery he would proceed.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; reversed.

STATEMENT BY THE COURT.

This is a suit by appellant, the owner of a licensed ferry across Petit Jean River, a navigable stream, against appellees for operating a ferry without license within one mile of his ferry.

The complaint alleges that appellant was operating a ferry across said stream after obtaining his license therefor, and that defendants had been operating and running a public ferry for hire, receiving tolls and other

things of value for transporting people and property across said stream, within about 100 yards from the ferry of plaintiff, thereby depriving him of profits and revenue. It also contained a statement that the ferry was being operated without license, as required by law, and a list of the persons and property carried across. Alleged that plaintiff was entitled to have judgment in the sum of $5.00 for each and every person so ferried and $5.00 for every wagon or other article transported which could be the subject of a separate charge, etc., giving the number of persons and property for which a separate charge was made, or which was the subject therefor, to the damage of plaintiff in the sum of $1,130.00; and the plaintiff further alleges that as a result of the defendants running and operating their ferry as aforesaid this plaintiff has been damaged in the loss of tolls in the sum of $40.00 per month and that he is entitled to judgment against these defendants for the sum of $40.00 per month for the year 1914, year 1915 up until the present time, which would be $820.00.

Prayer was for the said sum of $1,300.00 allowed as statutory penalty and for the further sum of $820.00 damages caused by the unlawful operation by defendants of their ferry without a license and within one mile of plaintiff's ferry.

A motion was made requiring plaintiff to elect whether he would proceed for the recovery of the statutory penalties or for damages as charged in the complaint, and sustained, the court holding that there was a misjoinder of causes of action, which ruling was duly excepted to.

The plaintiff thereupon announced that he was standing upon his count for damages, to which a demurrer was filed and overruled. A motion was then made to require plaintiff to show whether he relied upon the operation of a free ferry as the basis for recovery of damages or upon the operation of an unlicensed ferry by defendants for hire, which motion was sustained.

The plaintiff declined to amend his complaint and it was dismissed by the court, its ruling being excepted to and an appeal prayed and granted therefrom.

*Edward Gordon*, for appellant.

1   The court erred in requiring appellant to elect between statutory penalties and damages; and after he had elected to stand upon his count for damages the court erred in requiring appellant to allege either that appellees were operating a ferry for hire or a free ferry as a basis for his recovery of damages. Kirby's Digest, § 3582; Act May 11, 1905; 86 Ark. 138; 83 *Id.* 290; 88 *Id.* 128; 84 *Id.* 556; 90 *Id.* 484; 116 *Id.* 100; 20 *Id.* 561; *Ib.* 573; 94 *Id.* 190; 52 *Id.* 90.

*Sellers & Sellers*, for appellees.

Appellant set up two causes of action in his complaint which were improperly joined. He was properly required to elect. The right to recover penalties is exclusive. Kirby's Digest, § 3582; 71 Ark. 235; 74 *Id.* 589; 1. Jaggard on Torts, 98; 52 Ark. 90. The court also properly required the amendment, so as to show whether he relied upon the operation of a ferry for hire or a free ferry as a basis of recovery. Cases *supra.* The complaint was properly dismissed.

KIRBY, J. (after stating the facts). The court erred in sustaining the motion requiring plaintiff to elect whether he would proceed for the recovery of the statutory penalties or damages as alleged in his complaint, there being but one cause of action alleged therein and that for damages for the unlawful operation of an unlicensed ferry by appellees for hire, within the prohibited distance from appellants.

The statute provides: "If any person shall keep any ferry over any navigable stream, for which he shall charge any person any money or any other valuable thing, without complying with the provisions of law in relation to obtaining license, he shall forfeit and pay to every other person having a licensed ferry on the same stream or lake, in the same county, five dollars for every person so ferried, and the same sum for every wagon or other article so transported, which may be the subject of a separate charge, to be sued for and recovered by civil

action, founded in this statute, with costs of prosecution."
Kirby's Digest, Sec. 3582.

It has been held under this statute that the penalties
provided are not recoverable against one who operates
a free ferry or carries persons and property without compensation. *Shinn* v. *Cotton*, 52 Ark. 90.

It is not alleged in the complaint that appellees were
operating a free ferry, but that they were operating a ferry
for hire and that appellant was damaged in the sum of
the amount of the penalties for persons and property
carried and also in the sum of $40.00 per month for the
loss of tolls during the time appellees were operating
their ferry for the years 1914 and 1915 and until the beginning of the suit. Of course appellant could not recover the statutory penalties for carrying persons and
property for hire and also damages for loss of tolls upon
being deprived of such traffic carried by the unlicensed
ferry, but we see no reason why he should not recover the
damages suffered by reason of such carriage of traffic by
the unlicensed ferry, whether it was carried free or for
hire, the damage resulting from the carriage thereof
and depriving the operator of the licensed ferry of tolls
that otherwise must have come to his ferry. He could
waive the right to recover the statutory penalties and
recover damages for the operation of a free ferry, but there
being no allegation of the operation of a free ferry, the
court erred in requiring appellant to elect whether he
would proceed for the penalties or for damages for loss of
tolls, since he had the right to recover the damages
under the allegations of his complaint for the loss of
tolls, if any was shown to have resulted from the operation of the unlicensed ferry, whether it was operated free
or for hire.

The judgment is reversed and the cause remanded
with directions to overrule the motion to require plaintiff
to elect and for further proceedings, according to law.